**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No. 19-cr-00099-LKG |
|  | ) |  |
| v. | ) | Dated: May 6, 2026 |
|  | ) |  |
| JOSUE BALBINO RUIZ-REYES, | ) |  |
|  | ) |  |
| Defendant *pro se*. | ) |  |
|  | ) |  |

**MEMORANDUM OPINION AND ORDER ON
DEFENDANT'S MOTION TO REDUCE SENTENCE**

**I.      INTRODUCTION**

The Defendant *pro se*, Josue Balbino Ruiz-Reyes, has moved to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines (the "Guidelines").  ECF No. 39.  This motion is fully briefed.  ECF Nos. 39 and 48. No hearing is necessary to resolve this motion.  *See* L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court **DENIES** Mr. Ruiz-Reyes' motion to reduce sentence.

**II.     BACKGROUND AND PROCEDURAL HISTORY**

The Defendant, Josue Balbino Ruiz-Reyes, is currently serving a 180-month sentence of imprisonment after having been convicted of: (1) conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(viii) and (2) discharge of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).  ECF No. 32.

As background, on July 22, 2019, Mr. Ruiz-Reyes was charged with: (1) conspiracy to distribute and possess with intent to distribute controlled substances, specifically, five grams or more of methamphetamines, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(viii) and (2) discharge of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), pursuant to a two-count Superseding Information.  ECF No. 18.  On August 5, 2019, Mr. Ruiz-Reyes pleaded guilty to the two-count Superseding Information.  ECF Nos. 18 and 22.

1

Count One of the Superseding Information, conspiracy to distribute and possess with intent to distribute controlled substances, carries a five-year (60 month) mandatory minimum.  21 U.S.C. §§ 841(b)(1)(B)(viii) and 846.  Count Two of the Superseding Information, discharge of a firearm in furtherance of a drug trafficking offense, carries a ten-year (120 month) mandatory minimum that must be imposed to run consecutively to any other term of imprisonment.  18 U.S.C. § 924(c)(1)(A)(iii).

The pre-sentence investigation report ("PSR") states that Mr. Ruiz-Reyes has several prior criminal convictions, resulting in a subtotal criminal history score of four.   ECF No. 26 at ¶ 39 (Exhibit 1).  The PSR also states two additional criminal history points, or "status points," are added to the criminal history score, because Mr. Ruiz-Reyes committed the subject offenses while subject to a criminal justice sentence.  *Id*. at ¶ 40.  And so, the PSR states that Mr. Ruiz-Reyes' total criminal history score is six, resulting in a criminal history category of III.  *Id.* at ¶¶ 40-41.[1]

On October 30, 2019, the Court held a sentencing hearing and sentenced Mr. Ruiz-Reyes to the mandatory minimum sentence for Counts One and Two respectively: (1) 60 months imprisonment as to Count One and (2) 120 months imprisonment as to Count Two, to run consecutive to Count One, for a total term of 180 months imprisonment.  ECF No. 32.

On December 27, 2024, Mr. Ruiz-Reyes filed a handwritten motion to reduce sentence upon the grounds that his sentencing range has been lowered by the United States Sentencing Commission (the "Sentencing Commission").  ECF No. 39.  On March 27, 2025, the Government filed a response in opposition to Mr. Ruiz-Reyes' motion.  ECF No. 48.

Mr. Ruiz-Reyes' motion to reduce sentence having been fully briefed, the Court resolves the pending motion.

## III.     LEGAL STANDARDS

### A.  Motions To Reduce Sentence

Generally, once imposed by the Court, a federal sentence must remain "final" and undisturbed.  18 U.S.C. § 3582(b).  But Congress has created a narrow exception to this

---

[1] The PSR states that Mr. Ruiz-Reyes' total adjusted offense level for Count One is 21 and that the Guideline range for this count is 46-57 months imprisonment.  ECF No. 26 at ¶ 78.  Because the statutory minimum term of custody is 60 months for Count One, the statutory minimum sentence of 60 months is the Guideline range.  *Id*.  The PSR also states that Count Two requires a 120-month to life term of imprisonment, which shall run concurrently to any other term of imprisonment.  *Id*.

general rule for circumstances where the Sentencing Commission retroactively amends the applicable guidelines.  In this regard, the Court may reduce a sentence after it has been imposed where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Commission, pursuant to 28 U.S.C. § 994(o)."  18 U.S.C. § 3582(c)(2); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010) ("A court's power under § 3582(c)(2) thus depends in the first instance on the [Sentencing] Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *United States v. Goines*, 357  F.3d  469,  474 (4th Cir. 2004) ("A defendant is not entitled to the benefit of a substantive amendment that was adopted after the guidelines manual used at the defendant's sentencing unless the Sentencing Commission has designated the amendment for retroactive application.").  But, the Court may only reduce such a sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Dillon*, 560 U.S. at 825 (quoting 18 U.S.C. § 3582(c)(2)).

In this regard, the United States Court of Appeals for the Fourth Circuit has held that the Court must employ a two-step approach in considering Section 3582(c)(2) motions.  "First, a court must determine the defendant's eligibility.  Section 3582(c)(2) permits a reduction only if (1) the defendant's term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and (2) the reduction is consistent with applicable policy statements issued by the Sentencing Commission.  Second, the court may grant the authorized reduction after considering the factors set forth in section 3553(a) to the extent that they are applicable."  *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016) (internal quotations and citations omitted).  And so, "[t]he ultimate decision of '[w]hether to reduce a sentence and to what extent' is committed to the district court's discretion."  *Id*. (citations omitted).  Any reduction in sentence must also be consistent with applicable policy statements issued by the Sentencing Commission.

### B.  Amendment 821

Amendment 821 changed the application of the United States Sentencing Guidelines with respect to certain offenders who either: (a) earned criminal history "status points" based on commission of an offense while serving a criminal justice sentence, or (b) presented zero

criminal history points at the time of sentencing.[2]  *See* U.S.S.G. amend. 821.  Part A of this amendment amends Section 4A1.1 of the Guidelines to strike the two status points previously assessed under Section 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release or escape status.  *Id*. at Part A.  Part A also adds a new subsection (e) that adds one criminal-history point for any defendant who receives seven or more points and who committed his offense while under any criminal-justice sentence as described above.  *Id*.

Part B of Amendment 821 adds a new provision to Chapter Four of the Guidelines, which authorizes a two-offense-level decrease if a defendant has, among other things: (1) zero criminal-history points and (2) did not receive a terrorism adjustment under U.S.S.G. § 3A1.4.  *Id.* at Part B.  Inmates may bring motions seeking a reduction in sentence based upon these new Guidelines provisions, pursuant to 18 U.S.C. § 3582(c)(2).  *See United States v. Stiep*, No. 18-00311, 2024 WL 761897 (W.D.N.C. Feb. 21, 2024).

## IV.  ANALYSIS

In his motion to reduce sentence, Mr. Ruiz-Reyes argues that he is entitled to a reduced sentence, because his sentencing range has been lowered by the Sentencing Commission.  ECF No. 39 at 1-3.  And so, Mr. Ruiz-Reyes requests that the Court reduce his sentence.  *Id.* at 6.

The Government counters that Mr. Ruiz-Reyes is not entitled to a reduced sentence, because Amendment 821 is not applicable to his case.  ECF No. 48.  In this regard, the Government argues that Mr. Ruiz-Reyes was sentenced to a statutory mandatory minimum penalty and he did not have zero criminal history points at the time of sentencing.  *Id.* at 3-5.  And so, the Government requests that the Court deny Mr. Ruiz-Reyes' motion.  *Id.* at 6.

For the reasons that follow, Mr. Ruiz-Reyes has not shown that he is eligible for a reduced sentence under Amendment 821.  And so, the Court DENIES Mr. Ruiz-Reyes' motion for reduced sentence.

### A.  The Defendant Is Not Eligible For A Reduced Sentence

As an initial matter, Mr. Ruiz-Reyes has not shown that he is eligible for a sentence reduction, pursuant to Amendment 821.  Amendment 821 changed the application of the Guidelines with respect to certain offenders who either: (a) earned criminal history "status

---

[2] Amendment 821 is a retroactive amendment to the Guidelines, which went into effect on November 1, 2023.

points" based on commission of an offense while serving a criminal justice sentence, or (b) presented zero criminal history points at the time of sentencing. *See* U.S.S.G. amend. 821.

In this case, the PSR makes clear that Mr. Ruiz-Reyes is not eligible for a sentence reduction under Amendment 821, because the Court sentenced him to a statutory mandatory minimum penalty for Counts One and Two, and he did not have zero criminal history points at the time of sentencing. Notably, the PSR and Judgment in this case show that the Court sentenced Mr. Ruiz-Reyes to the statutory mandatory minimum sentence of 60 months imprisonment as to Count One and to the statutory mandatory minimum sentence of 120 months imprisonment as to Count Two, to run consecutive to Count One. ECF Nos. 26 and 32. These mandatory minimum sentences exceed the Guideline range in this case. ECF No. 26 at ¶ 78. And so, when the statutory mandatory penalty is higher than the Guideline range, the Guidelines provide that the statutory minimum becomes the Guideline sentence. U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").[3]

As the Government correctly observes, the Sentencing Commission does not have the authority to alter the statutory mandatory penalties enacted by Congress. ECF No. 48 at 3. Given this, Amendment 821 did not change, or lower the sentence imposed by the Court in this case. *See* U.S.S.G. at § 1B1.10 app. note 1(A) ("a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range because of the operation of another . . . statutory provision (*e.g.*, statutory mandatory minimum term of imprisonment.)").

Because the Court sentenced Mr. Ruiz-Reyes to a statutory mandatory minimum penalty for Counts One and Two, his sentence may not be reduced below the statutory minimum. And so, the Court must DENY Mr. Ruiz-Reyes' motion to reduce sentence.

---

[3] The Guidelines state that, "the sentence to be imposed on a count for which the statute (1) specifies a term of imprisonment to be imposed; and (2) requires that such term of imprisonment be imposed to run consecutively to any other term of imprisonment," such as 18 U.S.C. § 924(c), "shall be determined by that statute and imposed independently." U.S.S.G. at § 5G1.2(a). The PSR also makes clear that Mr. Ruiz-Reyes did not have zero criminal history points when he was sentenced. ECF No. 26 at ¶¶ 39-41. And so, Mr. Ruiz-Reyes is not eligible for a sentence reduction under Amendment 821 for this additional reason.

## V.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Ruiz-Reyes' motion to reduce sentence (ECF No. 39).

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

6